IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK DEANDRE CHAPMAN, | No. 4:23-CV-01246 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN RICKARD, | |
| Respondent. | |

## MEMORANDUM OPINION

### APRIL 18, 2024

Petitioner Derrick Deandre Chapman filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the Federal Correctional Institution, Schuylkill, in Minersville, Pennsylvania. He asserts that the federal Bureau of Prisons (BOP) failed to appropriately apply prior jail credit to his federal sentence. Because the BOP properly calculated Chapman's sentence, the Court will deny his Section 2241 petition.

### I.  BACKGROUND

Chapman's relevant criminal history is extensive but undisputed.[1] On March 11, 2010, the Circuit Court of Maryland for Baltimore County sentenced Chapman to a term of 9 years' imprisonment (with all but 4 years suspended) for

---

1   *See* Doc. 19 at 2 ("[T]he facts underlying Chapman's serial arrest, convictions and sentencing are undisputed.").

armed robbery, in case number 03K09003387.² Approximately two weeks later, the Circuit Court of Maryland for Baltimore City sentenced Chapman to a term of 7 years' imprisonment (all but time served suspended) for armed robbery, in case number 509084009.³ Chapman was released from state custody on February 6, 2013.⁴

Just a few months after his release, Chapman was again arrested by Maryland authorities on August 1, 2013, for—among other serious offenses—attempted first-degree murder and armed carjacking.⁵ This case, which originated in the District Court for Baltimore City, was forwarded to the Circuit Court for Baltimore County at case number 113242004.⁶ While in state custody, on August 27, 2013, the Circuit Court for Baltimore City issued a warrant based on Chapman's violation of probation in case number 509084009.⁷

On October 3, 2013, Chapman was indicted in the United States District Court for the District of Maryland for carjacking and a Section 924(c) firearm offense based on the August 1, 2013 events.⁸ During his time in state custody for the August 1, 2013 offenses, Chapman was only taken into temporary federal custody on same-day writs of habeas corpus *ad prosequendum*, thus being

---

² Doc. 14-1 at 3 ¶ 3.
³ *Id.*
⁴ *Id.*
⁵ *Id.* ¶ 4.
⁶ *Id.*
⁷ *Id.*
⁸ *See United States v. Chapman*, No. 1:13-CR-00534-001, Doc. 1 (D. Md. Oct. 3, 2013).

2

"borrowed" from state custody for various federal criminal proceedings and returned to state custody later the same day.[9]

On December 16, 2014, Chapman was sentenced in the Circuit Court for Howard County to an aggregate term of 16 years' incarceration for burglary and firearm possession in case number 13K13053870.[10] On February 19, 2015, he was sentenced, in case number 509084009, in the Circuit Court of Baltimore City to a concurrent term of approximately 7 years for violating his probation.[11] And, on June 15, 2015, Chapman's probation was revoked and he was sentenced to a concurrent 4-year term by the Circuit Court for Baltimore County in case number 03K09003387.[12]

On March 24, 2015, Chapman was sentenced by the United States District Court for the District of Maryland to a term of 179 months' incarceration for carjacking, ordered to run concurrently with his state sentences.[13] On November 17, 2021, Chapman was released on parole from his state sentences and entered exclusive federal custody.[14]

---

[9] *See* Doc. 14-1 at 3-4 ¶¶ 5, 7, 8; *Davis v. Sniezek*, 403 F. App'x 738, 740 (3d Cir. 2010) (nonprecedential) ("A state prisoner transferred to federal custody under a writ *ad prosequendum* to answer federal charges is considered 'on loan' to federal authorities and remains in primary custody of the state 'unless and until the first sovereign relinquishes jurisdiction.'" (quoting *Ruggiano v. Reish*, 307 F.3d 121, 125 n.1 (3d Cir. 2002), *superseded in part on other grounds by* U.S.S.G. § 5G1.3 App. Note 3(E) (2003))).
[10] Doc. 14-1 at 4 ¶ 6.
[11] *Id.*
[12] *Id.* ¶ 9.
[13] *Id.* ¶ 8.
[14] *Id.* ¶ 10.

The heart of the dispute in this matter involves how the BOP calculated Chapman's 179-month concurrent federal sentence. Specifically, Chapman maintains that he should be credited with 424[15] days of presentence or prior jail credit,[16] while the BOP has limited that presentence credit to 207 days.[17]

Chapman exhausted his administrative remedies with the BOP and then lodged the instant Section 2241 petition in this Court in July 2023.[18] In it, he contends that the BOP has improperly calculated his sentence by failing to credit him with the entire time spent in presentence custody that he maintains should be credited toward his concurrent federal sentence.[19] Chapman's petition is fully briefed and ripe for disposition.

## II.   DISCUSSION

Chapman's petition is difficult to follow. He first argues that "federal authorities never relinquished . . . primary jurisdiction over him," so his prior jail credit should commence on the date of his arrest, *i.e.*, August 1, 2013.[20] He next maintains that Section 5G1.3(b) of the United States Sentencing Guidelines

---

[15]   The Court observes that the actual number of days of state presentence incarceration—from Chapman's arrest on August 1, 2013, to his first state sentencing on December 16, 2014—is 502 days. *See* Doc. 14-1 at 77. The Court will use the correct number of days (502), as that number plays a role in the complicated sentencing calculations discussed in detail below.
[16]   *See* Doc. 2 at 2.
[17]   *See* Doc. 14-1 at 4 ¶ 11.
[18]   *See generally* Docs. 1, 2.
[19]   *See* Doc. 2 at 2-5.
[20]   *Id.* at 2-3.

Manual (U.S.S.G.) requires applying the prior jail credit equally to his state and federal sentences.[21]

Chapman's arguments miss the mark. The record is clear that Chapman was first arrested and taken into custody by *state* authorities for the August 1, 2013 offenses. "The sovereign that first acquires custody of a defendant is entitled to custody until any sentence imposed is served."[22] Chapman was only transferred briefly to federal custody when he was "borrowed" on same-day writs for various proceedings in federal court. Those temporary transfers did not affect the state's primary custodial jurisdiction over him.[23] Rather, Maryland's primary custody was not relinquished until Chapman was paroled on November 17, 2021.

Chapman's reliance on the sentencing guidelines is equally misplaced. Although his petition is not entirely clear, Chapman appears to argue that Section 5G1.3(b)(1) requires that he be credited with the full 502 days' presentence credit. That provision provides that, if the defendant is subject to an undischarged term of imprisonment or anticipated state term of imprisonment based on conduct relevant to the federal offense, "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the

---

[21] *Id.* at 3-4.
[22] *Allen v. Nash*, 236 F. App'x 779, 783 (3d Cir. 2007) (citing *Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922)).
[23] *See Rios v. Wiley*, 201 F.3d 257, 275 (3d Cir. 2000) (explaining that writ of habeas corpus *ad prosequendum* "merely 'loans' the [state] prisoner to the federal authorities"), *superseded on other grounds as stated in United States v. Saintville*, 218 F.3d 246, 249 (3d Cir. 2000).

court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons[.]"[24]

It is unclear why Chapman is relying on the sentencing guidelines. This habeas Court is *not* the sentencing court. If Chapman is asserting that the sentencing court should have anticipated that the BOP would apply case law and its policies to limit the amount of presentence credit it would apply to his concurrent federal sentence, that is a claim Chapman was required to raise on direct appeal or in a motion pursuant to 28 U.S.C. § 2255. Such a challenge to the sentencing court's application of the sentencing guidelines is simply not cognizable in a Section 2241 petition.[25]

Rather, the issue at bar is the BOP's calculation of Chapman's federal sentence, more specifically its determination as to the amount of presentence credit for which Chapman is eligible. The BOP, following well-settled case law and firmly established policy, correctly calculated Chapman's presentence credit.

In situations like Chapman's, where a federal sentence is ordered to run *concurrently* to an undischarged but related state sentence, the general rule that a defendant will receive credit "for any time he has spent in official detention prior to the date the sentence commences" so long as that time "has not been credited

---

[24] U.S.S.G. § 5G1.3(b)(1) (2014).
[25] *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (explaining that presumptive method for bringing a collateral challenge to the validity of federal sentence is a motion to vacate pursuant to 28 U.S.C. § 2255).

against another sentence"[26] does not apply.  Instead, pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993), and BOP Program Statement 5880.28, when the federal and non-federal sentences are concurrent, prior jail credits that were applied to a non-federal sentence can be applied to the federal sentence when application of the presentence credit to the non-federal sentence "was of no benefit" to the defendant.[27]  Guidance for these specific calculations is set forth in painstaking detail in Program Statement 5880.28, pages 1-22 through 1-22C.[28]  As applied to Chapman's case, those calculations are as follows.

The first step requires determining the raw Expiration Full Term (EFT) for both the non-federal sentence and the federal sentence.  Chapman's 16-year aggregate state sentence commenced on December 16, 2014, and thus the raw EFT for that sentence is December 15, 2030.[29]  His 179-month federal sentence commenced on March 24, 2015, so the raw EFT for that sentence is February 23, 2030.[30]

Because the raw EFT of the state sentence is greater than the raw EFT of the federal sentence, the BOP must apply the guidance in *Kayfez v. Gasele*.[31]  Under

---

[26]   18 U.S.C. § 3585(b).
[27]   FED. BUREAU OF PRISONS, *Program Statement 5880.28 Sentence Computation Manual (CCA of 1984)*, p. 1-22 (1997).
[28]   Doc. 14-1 at 72-75.
[29]   *See* Doc. 14-1 at 5 ¶ 17.
[30]   *Id.*
[31]   *Id.* at 5 ¶ 16; *see also id.* at 77-78 ("*Willis / Kayfez* Calculation Worksheet").

7

BOP policy applying *Kayfez*, the qualified presentence credit is applied to the state raw EFT (creating an adjusted EFT) to determine if the adjusted EFT of the state term is earlier than the raw EFT of the federal term.  Here, applying 502 days to the state raw EFT creates an adjusted EFT of July 31, 2029, which is earlier than the raw EFT of the federal term (February 23, 2030).[32]  Under *Kayfez* and Program Statement 5880.28, the BOP will apply only the amount of qualified non-federal presentence credit to the federal term that is necessary to reduce the federal raw EFT to the date that matches the state adjusted EFT.[33]  Accordingly, pursuant to *Kayfez* and Program Statement 5880.28, the BOP applied 207 days' presentence credit to Chapman's federal raw EFT to make it match the state adjusted EFT of July 31, 2029.[34]  Finally, the BOP applied Chapman's good conduct credits to create a projected release date of July 11, 2027.[35]

In his traverse, Chapman does not take issue with any of the BOP's dates, figures, or specific calculations, nor does he argue that Program Statement 5880.28 or the holding of *Kayfez v. Gasele* does not apply.  He instead appears to maintain, incorrectly, that Maryland had "relinquish[ed] primary jurisdiction" and he was in

---

[32]   *See id.* at 78.
[33]   *Id.* at 5 ¶ 16; *see also* Program Statement 5880.28 at p. 1-22B to 1-22C.
[34]   Doc. 14-1 at 5-6 ¶¶ 17, 18; *id.* at 78.
[35]   *Id.* at 6 ¶ 19.

federal custody during the entire 502 days of presentence incarceration.[36]  As noted above, this contention is wrong.

Chapman also appears to argue that the BOP is incorrectly interpreting the sentencing court's "clearly expressed intent" and "creating a consecutive sentence based on a misinterpretation."[37]  This argument is baseless.  Chapman's federal judgement states only that the 179-month sentence "is to run concurrently with the Maryland state sentences[.]"[38]  That is exactly how the BOP has treated Chapman's sentence.  There is nothing in the judgment that specifically discusses or references how prior jail credit is to be applied, and therefore that determination is squarely within the purview of the BOP.[39]

The BOP correctly calculated and applied Chapman's presentence credit.  Chapman's Section 2241 petition, therefore, is meritless and will be denied.

---

[36] *See* Doc. 19 at 2-3.
[37] *Id.* at 2.
[38] *See* Doc. 14-1 at 52.
[39] *See United States v. Wilson*, 503 U.S. 329, 335 (1992) ("Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.").

## III. CONCLUSION

For the foregoing reasons, the Court will deny Chapman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge